■ Anthony B. Surowitz, Respondent, v. George F. McGrath, as Commissioner of the Department of Correction of the City of New York, et al., Appellants.— Judgment, Supreme Court, New York County, entered on July 28, 1972, annulling respondents-appellants' determination and directing that petitioner be retired on a service-connected disability retroactive to December 12, 1969, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the matter remanded to respondent-appellant New York City Employees' Retirement System to grant petitioner accident disability retirement or come forward with the proofs necessary to refute petitioner's assertions, within 30 days of service upon said respondent-appellant by petitioner-respondent of a copy of the order to be settled hereon. In an opinion dated October 16, 1970 upon which judgment was entered November

5, 1970, Justice Murphy at Special Term granted petitioner's application to direct respondents to retire petitioner on service-connected disability to the extent of remanding the proceeding to comply with the application or to come forward with proof to refute petitioner's assertions, within 30 days after service of a copy of the order. Nothing apparently was done by appellants to comply until *one year* later when petitioner was directed to appear at the Retirement System's office for examination. Petitioner appeared but was not examined. On November 15, 1971, he moved for judgment granting the relief sought or, in the alternative, to adjudge respondents in contempt for failure to comply with Justice Murphy's direction. On July 28, 1972, Justice Gellinoff, noting respondents' inaction for almost two years, granted petitioner's application in all respects. Respondents-appellants did not seek leave to appeal from Justice Murphy's judgment. There is some dispute as to the cause of the long delay, but there is no valid excuse. The Retirement System's failure to act finds no justification whatever in this record. In the interests of justice, however, we have decided to afford the System a final opportunity to supply the necessary basis for its determination heretofore found lacking by Justice Murphy. Petitioner and his counsel should co-operate in every way possible so that a proper and prompt disposition may be made. Settle order on notice. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Tilzer, JJ.